# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANDY BOURDON and
LAURA PORTER,

       Plaintiffs,

v.                                    No. 1:25-cv-00960-DHU-KK

CITY OF ESPANOLA,
CITY OF SANTA FE, et al.,

       Defendants.

## <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

Pro se Plaintiff's filed a 28-page Complaint that includes 21 pages of single-spaced, typed allegations and asserts over 31 "claims" and "counts." *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed October 2, 2025 ("Complaint"). Some of the paragraphs are not numbered, others are designated with non-unique numbers, for example there are 15 paragraphs labeled "1," and other paragraphs are designated with letters. Plaintiffs repeat several factual allegations throughout the Complaint and many of the allegations are vague, for example, they do not state when the Defendants' actions occurred. The Complaint also contains unnecessary statements explaining legal standards. *See, for example,* Complaint at 11 (stating "Equal protection clause: The fourteenth amendment prohibits state actors from intentionally treating similarly situated individuals without out a rational basis" and "Substantive due process: This protects individuals against government actions that are arbitrary, oppressive or shock the conscience"). Although not listed in the caption of the Complaint, Plaintiffs state they are also asserting claims against the City of Santa Fe, its mayor and police officers. *See* Complaint at 8 (citing Fed. R. Civ. P. 18, Joinder of claims, and Fed. R. Civ. P. 20, Permissive Joinder of Parties). On the

same day that they filed this action, Plaintiffs filed a separate action against the City of Santa Fe

and other Defendants. *See Bourdon v. City of Santa Fe*, No. 1:25-cv-00962-KK ("*Bourdon II*").

United States Magistrate Judge Kirtan Khalsa notified Plaintiffs:

As a result of the deficiencies identified above, the Complaint does not give Defendants fair notice of the grounds upon which Plaintiffs are basing their claims. *See Howl v. Alvarado*, 783 Fed.Appx. 815, 817-18 (10th Cir. 2019) ("Although 'a complaint need not provide 'detailed factual allegations,' it must give just enough factual detail to provide 'fair notice of what the ... claim is and the grounds upon which it rests.'") (quoting *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)).

"[T]his court has long recognized that defendants are prejudiced by having to respond to pleadings [that are] wordy and unwieldy," and "judges ... have their task made immeasurably more difficult by pleadings [that are] rambling...." *United States v. Celio*, 388 Fed.Appx. 758, 761 (10th Cir. 2010) (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162-63 (10th Cir. 2007)). "Courts have 'obligations to *pro se* litigants' to provide 'some modest additional explanation' regarding the format of filings because they 'are not expected to understand what recitations are legally essential and which are superfluous.'" *Id.*

Order for Amended Complaint at 3, Doc. 6, filed October 8, 2025. Judge Khalsa ordered Plaintiffs

to file an amended complaint and stated "The amended complaint must set forth Plaintiffs'

allegations in uniquely numbered, double-spaced paragraphs. *See* Fed. R. Civ. P. 10(b) ("A party

must state its claims or defenses in numbered paragraphs")." Order to Show Cause at 4. Judge

Khalsa also notified Plaintiff that all "Defendants must be listed in the caption of the amended

complaint. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties")."

Order to Show Cause at 5.

Plaintiffs filed an Amended Complaint. *See* Doc. 7, filed October 21, 2025. The Amended

Complaint does not comply with Judge Khalsa's Order that all paragraphs are uniquely numbered.

There are several paragraphs that have non-unique numbers, for example, there are 12 paragraphs

labeled "1." Some of the paragraphs are not numbered. *See* Amended Complaint at 4-5, 14-16,

19. The caption of the Amended Complaint does not name all the parties as required by Rule 10(a)

of the Federal Rules of Civil Procedure. *See Oklahoma Radio Assoc. v. Federal Deposit Ins. Corp.*, 969 F.2d 940, 942 (10th Cir. 1992) ("the Federal Rules of Civil Procedure have the force and effect of a federal statute").

The Court dismisses this case without prejudice because Plaintiffs did not comply with Judge Khalsa's Order to uniquely number the allegations in the Amended Complaint. Rule 41(b) of the Federal Rules of Civil Procedure states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

> Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994) (quoting *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992)).

*Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003). "The sanction of dismissal with prejudice for failure to prosecute is a 'severe sanction,' a measure of last resort." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (stating "dismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits'") (quoting *Ehrenhaus*, 965 F.2d at 921).

The Court finds that there is no prejudice to Defendants resulting from dismissal of this case because Defendants have not been served. Plaintiffs' failure to uniquely number the allegations in the Amended Complaint interferes with the judicial process. Rule 8(b)(1)(B) requires the Defendants to admit or deny the allegations in the Third Amended Complaint. It is difficult for Defendants comply with Rule 8(b)(1)(B) if the allegations are not uniquely numbered. The Court finds Plaintiffs are culpable and that other sanctions short of dismissal would likely not be effective because despite Judge Khalsa notifying Plaintiffs that the Amended Complaint must comply with the Federal and Local Rules of Civil Procedure, that the allegations must be uniquely numbered and that failure to Court Orders may result in dismissal of this case, Plaintiffs did not comply with Judge Khalsa's Order to uniquely number the allegations in the Amended Complaint. The Court recently dismissed another of Plaintiffs' cases for failure to comply with Court Orders and the Federal Rules of Civil Procedure. *See* Order of Dismissal, Doc. 78, filed September 2, 2025, in *Bourdon v. Vigil*, No. 1:24-cv-00588-DHU-JHR. The Court finds that dismissal without prejudice is an appropriate sanction because: (i) dismissal with prejudice is a "severe sanction, a measure of last resort;" (ii) the judicial system has a "strong predisposition to resolve cases on their merits;" and (iii) this case is in an early stage.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
HONORABLE DAVID HERRERA URIAS
United States District Judge